ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/21/23

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
JOE BRANDS LLC d/b/a WILDKIN,

                    Plaintiff,

          - against -                     21 Civ. 5278 (LLS)

                                          OPINION AND ORDER
EDCMAKER, an unknown Chinese business
entity, d/b/a LUKEIGHT, and BINGSHUANG
LU, an unknown individual,

                    Defendants.
```

On June 15, 2021, plaintiff Joe Brands, LLC, doing business as Wildkin ("Wildkin"), filed a complaint against defendants Bingshuang Lu ("Lu") and Edcmaker, doing business as Lukeight ("Lukeight"), for copyright infringement. Neither Lu nor Lukeight responded to the Complaint. On July 6, 2022, Wildkin received the clerk's certificate of default against Lu and Lukeight. On October 18, 2022, Wildkin filed a motion for default judgment, which was denied for improper service. On June 9, 2023, Wildkin filed the instant motion for default judgment. For the following reasons, the motion is granted.

**Background**

The following facts are alleged in the Complaint. Plaintiff Wildkin sells children's products, including school and travel gear, bedding, apparel, and accessories on the website Amazon. Complaint (Dkt. No. 5) ("Comp.") at ¶ 6. The products feature

1

copyrighted patterns, including the Olive Kids Trains, Planes, and Trucks pattern (the "Original Pattern"). Id. The Original Pattern was registered with the U.S. Copyright Office on September 8, 1997 and renewed on July 30, 2014. Id. at Exhibit B.

In September 2020, defendant Lu filed an application with the U.S. Copyright Office for a copyright of a pattern that was identical or substantially similar to the Original Pattern (the "Lu Pattern"). Id. at ¶ 8. The U.S. Copyright Office granted that application, which claimed the artwork was original. Id.

Defendant Lukeight sells bean bags on the Amazon website that feature the Lu Pattern, which Wildkin alleges is nearly identical to the Original Pattern, without Wildkin's authorization. Id. at ¶ 13. Wildkin has consistently issued "takedown notices" to Lukeight, under the Digital Millennium Copyright Act ("DMCA") since November 2020, and in response, Amazon has removed the products Lukeight listed with the Lu Pattern. Id. at ¶¶ 9, 10, 13-14. Lukeight then sent Wildkin counter-notices (in addition to its own affirmative takedown notices) purporting rightful ownership of the underlying design of the Original Pattern under the copyright obtained by Lu. Id.[1] Amazon then re-listed Lukeight's bean bags on its website. Id.

---

[1] The relationship between Lu and Lukeight is not alleged.

2

Wildkin alleges that Lukeight's "pattern and practices of retaliation, gross abuse of DMCA, and unauthorized use of the Pattern" has caused Wildkin to incur reputational harm and substantial monetary damages in excess of $100,000 in sales. Id. at ¶ 20.

Wildkin brings a claim for federal copyright infringement pursuant to 17 U.S.C. § 106 and seeks actual damages "according to proof," the maximum statutory damages, disgorgement of profits plus royalties, attorney's fees and costs, a permanent injunction prohibiting Lukeight and Lu (together "defendants") from copying or using the Pattern without Wildkin's authorization or consent, a declaration that Wildkin is the rightful copyright owner of the Lu Pattern, and a declaration that Lu's copyright is invalid. As neither Lu nor Lukeight has responded to the Complaint or appeared in this action, Wildkin now moves for default judgment.

## Legal Standards

Under Rule 55 of the Federal Rules of Civil Procedure, a court must follow a two-step process before entering default judgment. First the Clerk of Court must determine that the party against whom a judgment is sought has failed to plead or otherwise defend itself, and then enter that party's default. See Fed.R.Civ.P. 55(a). Second, the party seeking relief must apply to the court for a default judgment. See Fed.R.Civ.P.

55(b)(2); Rovio Ent., Ltd. v. Allstar Vending, Inc., 97 F. Supp. 3d 536, 541 (S.D.N.Y. 2015).

The defaulting defendant admits all "well-pleaded" factual allegations in the complaint. City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011). "However, it is also true that a district court 'need not agree that the alleged facts constitute a valid cause of action.'" Id. (internal citations omitted). Instead, the district court must review the complaint to determine whether the plaintiff has stated a valid claim for relief as a matter of law. See id.

"In a copyright infringement case, the plaintiff must show: (i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work." Jorgensen v. Epic/Sony Recs., 351 F.3d 46, 51 (2d Cir. 2003) (quoting Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)).

## Discussion

I. **Merits**

### A. Copyright Ownership

Wildkin has established ownership of a valid copyright.[2] Wildkin attached a certificate of registration from the United

---

[2] On a motion for default judgment, a district court is not required to conduct its own inquiry into personal jurisdiction. CKR L. LLP v. Anderson Invs. Int'l, LLC, 544 F. Supp. 3d 474, 479-80 (S.D.N.Y. 2021). The Court will not investigate personal jurisdiction here in the interest of preserving judicial resources.

4

States Register of Copyrights for the Original Pattern to its Complaint, which constitutes prima facie evidence of its valid ownership of the copyright. E.g., McGraw-Hill Glob. Educ. Holdings, LLC v. Khan, 323 F. Supp. 3d 488, 496 (S.D.N.Y. 2018). Neither Lu nor Lukeight have put forth evidence to rebut that registration. Thus, the allegations in the Complaint are sufficient to establish ownership of a valid copyright.

### B. Unauthorized Copying

To show that Lu and Lukeight improperly copied the Original Pattern, Wildkin must demonstrate that "(1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's." Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 110 (2d Cir. 2001) (internal citations omitted).

### i.  Actual Copying

Actual copying may be established by direct or indirect evidence. "Because direct evidence of copying is seldom available, a plaintiff may establish copying circumstantially by demonstrating that the person who composed defendants' work had access to the copyrighted material and that there are similarities between the two works that are 'probative of

copying.'" Jorgensen, 351 F.3d at 51 (internal citations omitted).

Access may be inferred from the fact that a work was widely disseminated or that a party had a reasonable possibility of viewing the prior work. Boisson v. Banian, Ltd, 273 F.3d 262, 270 (2d Cir. 2001). Here, the access can be inferred from the fact that the Original Pattern was displayed on eighty-eight products sold on Amazon. Comp. at ¶ 7.

There is also probative similarity between the two patterns. "Probative similarity" requires "only that there are similarities between the two works that would not be expected to arise if the works had been independently created." Michael Grecco Prods., Inc. v. Valuewalk, LLC, 345 F. Supp. 3d 482, 500 (S.D.N.Y. 2018). An examination of the Original and Lu Patterns shows a strong similarity between them. Both display trains, trucks, and airplanes with the same design—down to the windows and stripes on the trucks—and the same color scheme. The only notable difference is that the Lu Pattern includes two additional types of train trolleys that are not included in the Original Pattern. However, those additions are almost unnoticeable. The striking similarities between the Original and Lu Patterns would not be expected to arise if they had been independently created.

### ii. Illegal Copying

The Lu Pattern illegally copied the Original Pattern. Copying is illegal when "substantial similarity exists between the defendant's work and the protectible elements of plaintiff's." Yurman, 262 F.3d at 110. "The standard test for substantial similarity between two items is whether an 'ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard [the] aesthetic appeal as the same.'" Id. at 111 (internal citations omitted) (alteration in the original). Although Wildkin does not allege which elements of the Original Pattern are protectible, generally the selection and arrangement of an entire design, such as the one depicted in the Original Pattern, is protectible. E.g., Boisson, 273 F.3d at 271 (collecting cases). As discussed supra, the two patterns are nearly identical, and an ordinary observer could easily overlook the small difference between the two: the addition of two train trolleys. As those additions do not change the overall aesthetic appeal of the pattern, the copying is illegal.

The Court finds that Lukeight and Lu have infringed on Wildkin's copyright of the Original Pattern.

## II. Relief Requested

### A. Damages

Although a default amounts to an admission of the well-pleaded allegations in the Complaint, that default is not an admission of damages. Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012).

Wildkin's Complaint seeks both actual and statutory damages.[3] However, Section 504(c) of the Copyright Act allows Wildkin to receive either actual or statutory damages—Wildkin may not receive both. See 17 U.S.C. § 504(c)(1). Here, only statutory damages are available to Wildkin because "once a plaintiff elects statutory damages, he may no longer seek actual damages." E.g., Twin Peaks Prods., Inc. v. Publications Int'l, Ltd., 996 F.2d 1366, 1380 (2d Cir. 1993); All-Star Mktg. Grp., LLC v. Media Brands Co., 775 F. Supp. 2d 613, 626 (S.D.N.Y. 2011). Wildkin elected statutory damages in both its Complaint and Motion for Default Judgment. Second Motion for Default Judgment ("Mot.") (Dkt. No. 31) at 3, 7;[4] see generally Comp. Therefore, only statutory damages are available.

---

[3] Wildkin also requests "disgorgement of profits plus royalties." Although Wildkin requested disgorgement separately from actual damages in its Complaint, disgorgement is a form of actual damages. 17 U.S.C. §§ 504(a)-(b).
[4] In the opening of its Motion for Default Judgment, Wildkin requests statutory damages and does not mention actual damages.

8

However, the Court cannot award statutory damages without an inquest hearing in this case because Wildkin has not submitted any evidence to support its requested damages, and the Court may not simply rely on Wildkin's statement of damages. E.g., Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 111 (2d Cir. 1997). The case is referred to Magistrate Judge Lehrburger for an inquest hearing.

Wildkin also requests attorney's fees. But Wildkin has not submitted any evidence or documentation supporting its request for attorney's fees. Therefore, that request is also referred to Magistrate Judge Lehrburger.

Wildkin also requests that "all assets in Defaulting Defendants' financial accounts operated by Amazon.com, Inc. 'Amazon' as well as any newly discovered assets, be transferred to Plaintiff." Mot. at 3. However, such relief is not available to Wildkin because it was not requested in the Complaint. Hounddog Prods., L.L.C. v. Empire Film Grp., Inc., 826 F. Supp. 2d 619, 628 (S.D.N.Y. 2011) ("damages arising from default

---

Mot. at 3. Later in its Motion, Wildkin makes the argument that it is entitled to actual damages. Id. at 6-7. However, in the paragraph following its argument for actual damages, Wildkin states, "as it is difficult to ascertain the actual damages of the copyright infringement, Plaintiff is requesting that statutory damages be awarded according to 17 U.S.C. § 504(c)." Id. at 7.

judgment are limited to those in the 'demand clause' of complaint") (quoting Silge v. Merz, 510 F.3d 157, 160 (2d Cir.2007)).

### B. Permanent Injunction

Wildkin is entitled to a permanent injunction, enjoining Lu and Lukeight from using or copying the Original Pattern. "A court may issue such a permanent injunction based on its consideration of (1) the likelihood that plaintiff will suffer irreparable harm if an injunction is not granted; (2) whether remedies at law such as monetary damages are inadequate to compensate plaintiff for that harm; (3) the balance of hardships; and (4) whether the public interest would not be disserved by a permanent injunction." E.g., Rovio, 97 F. Supp. 3d at 547.

Each factor supports granting a permanent injunction. First, Wildkin has suffered irreparable harm because its "loss is difficult to replace or difficult to measure." Hounddog, 826 F. Supp. 2d at 632. Here, Wildkin's loss might come from potential customers choosing a Lukeight product that infringed on its copyright instead of Wildkin's own product, and potential reputational harm if customers confuse Wildkin's and Lukeight's products. Such loss is difficult to calculate or replace.

Second, despite receiving several takedown notices, Lukeight has continually infringed on Wildkin's copyright and

10

sent Wildkin its own takedown notices. This behavior suggests that absent an injunction, Lukeight and Lu may continue to engage in their infringing behavior, which necessitates an injunction. Rovio, 97 F. Supp. 3d at 548; Pearson Educ., Inc. v. Vergara, 2010 WL 3744033, at *4 (S.D.N.Y. Sept. 27, 2010) ("A plaintiff has no adequate remedy at law where, absent an injunction, the defendant 'is likely to continue infringing' its copyrights")(internal citations omitted).

Third, the balance of hardships weighs in favor of Wildkin, as "[it] is axiomatic that an infringer ... cannot complain about the loss of ability to offer its infringing product." E.g., Rovio, 97 F. Supp. 3d at 548 (alterations in the original). Finally, the public has an interest in not being deceived; "the object of copyright law is to promote the store of knowledge available to the public." Hounddog, 826 F. Supp. 2d at 633.

### C. Declaratory Judgment

Wildkin has also requested a declaration that Lu's copyright is invalid and that "Wildkin is the rightful copyright owner of the Pattern." Comp. at ¶¶ 35-40. "The Declaratory Judgment Act provides: In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such

11

declaration, whether or not further relief is or could be sought." Velvet Underground v. Andy Warhol Found. for the Visual Arts, Inc., 890 F. Supp. 2d 398, 403 (S.D.N.Y. 2012) (quoting 28 U.S.C. § 2201(a)) (alteration in the original). Here, there is a controversy over the competing copyrights, as both Lukeight and Wildkin continually send one another takedown notices.

Wildkin asks the Court to invalidate Lu's copyright based on a "fraud on the copyright" theory under 17 U.S.C. § 411(b)(1). However, that statute provides a defense to a copyright action and not an affirmative cause of action. E.g., Amimon, Inc. v. Shenzhen Hollyland Tech Co. Ltd., 2023 WL 2478159, at *12 (S.D.N.Y. Mar. 13, 2023) (collecting cases).

Nonetheless, the Court still has the power to declare a copyright invalid where there is no proof of authorship or originality. Lu's copyright registration is a prima facie case for its validity. However, that presumption can be overcome "by evidence that the work had been copied from the public domain." Vaad L'Hafotzas Sichos, Inc. v. Krinsky, 133 F. Supp. 3d 527, 532 (E.D.N.Y. 2015) (quoting Fonar Corp. v. Domenick, 105 F.3d 99, 104 (2d Cir. 1997) (internal citations omitted)). That can be shown by the fact that something was removed or copied from the public domain. Fonar Corp., 105 F.3d at 104. Here, Wildkin has adequately alleged that Lu copied the Original Pattern from Amazon, a public domain.

That the Lu Pattern contains an addition to the Original Pattern does not make it eligible for copyright protection. It is a basic tenant of copyright that copyright protection extends only to works that are original. Folio Impressions, Inc. v. Byer California, 937 F.2d 759, 763 (2d Cir. 1991). Though the bar for originality is low, it requires that the work have a "modicum of originality" and result from "independent creation." Id. at 764-65. Though the Lu pattern differs slightly from the Original Pattern, the patterns are nearly identical and, as discussed supra, there is evidence of copying, which strips the Lu Pattern of its copyright protection. See Boisson, 273 F.3d at 270 (an author is not entitled to copyright protection where there is evidence of copying). Taking the allegations in the Complaint as true, and without the benefit of a defense from Lu, there is no evidence of independent creation or originality. The copyright is invalidated.

## Conclusion

The Motion for Default Judgment is granted along with the request for a permanent injunction and a declaration that Lu's copyright is invalid. The case is referred to Magistrate Judge Lehrburger for an inquest hearing and a determination of attorney's fees.

So Ordered.

Dated:   New York, New York
         July 21, 2023

_____
LOUIS L. STANTON
U.S.D.J.