ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/19/23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOE BRANDS LLC d/b/a WILDKIN,

  Plaintiff,

           - against -

EDCMAKER, an unknown Chinese business
entity, d/b/a LUKEIGHT, and BINGSHUANG
LU, an unknown individual,

  Defendants.

21 Civ. 5278 (LLS)

ORDER

After a careful review of Magistrate Judge Lehrburger's findings of fact and conclusions of law, I find that he correctly concluded that plaintiff Joe Brands d/b/a Wildkin should recover statutory damages from defendants Edcmaker d/b/a Lukeight and Bingshuang Lu in the amount of $50,000.00. The time for objections to the Report and Recommendation has passed, and no objections were filed.

Magistrate Lehrburger's Report and Recommendation is adopted in all respects. The Clerk is directed to enter judgment for plaintiff in the amount of $50,000.00.

So ordered.

Dated:   New York, New York
         December 19, 2023

                                    Louis L. Stanton
                                    LOUIS L. STANTON
                                    U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/28/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

JOE BRANDS LLC d/b/a WILDKIN,

           Plaintiff,

- against -

EDCMAKER, an unknown Chinese business entity, d/b/a LUKEIGHT, and BINGSHUANG LU, an unknown individual,

           Defendants.
-------------------------------------------------------------X

21-CV-5278 (LLS) (RWL)

**REPORT AND RECOMMENDATION TO HON. LOUIS L. STANTON: INQUEST**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

    Plaintiff Joe Brands LLC d/b/a Wildkin (Plaintiff or "Wildkin"), a seller of children's products, filed this copyright infringement action claiming that Defendants Edcmaker d/b/a Lukeight ("Lukeight") and Bingshuang Lu ("Lu") (collectively, Defendants) have copied and used one of Plaintiff's copyrighted patterns without authorization. Defendants failed to answer the Complaint or otherwise appear. Default judgment and injunctive relief already have been granted in Plaintiff's favor. The matter is now before me for an inquest on damages.

**Facts**[1]

Since 2007, Plaintiff has sold children's products on Amazon.com. (Compl. ¶ 6.) Its products include school and travel gear, bedding, apparel, accessories, and room décor. (*Id.*) At least 88 of Plaintiff's products are adorned with a pattern named "Olive Kids Trains, Planes and Trucks" (the "Pattern"), which has been in use since 1991 and registered with the United States Copyright Office since 1997 (the "Copyright"). (*Id.* ¶¶ 6-7 & Exs. B3-B4.) Plaintiff received the Copyright for the Pattern by assignment in 2017. (*See id.* Ex. B2.) Despite Plaintiff's ownership of the Copyright in the Pattern, Defendants have used the Pattern on bean bag products since November 2020 without authorization. (*Id.* ¶ 13.) Defendant Lu also obtained a copyright registration from the U.S. Copyright Office by falsely claiming the Pattern to be original (the "Illegitimate Copyright"). (*Id.* ¶ 8 & Ex. C.)

Among other efforts to prevent Defendants from selling products infringing the Copyright, Plaintiff has issued "takedown" notices to Amazon pursuant to the Digital Millennium Copyright Act ("DMCA"). (*Id.* ¶¶ 9-13.) Amazon complied and removed Defendants' infringing products. (*Id.* ¶ 14.) Defendants, however, retaliated by filing counter take-down notices with Amazon claiming that Plaintiffs' products, such as a lunchbox and a "Nap Mat" bearing the Pattern infringed the Illegitimate Copyright. (*Id.* ¶¶

---

[1] The facts are drawn from the Complaint (Dkt. 5) ("Compl."), the Declaration of Natalie Sulimani, filed June 9, 2023 (Dkt. 31-2) ("Sulinami Decl."), and Plaintiff's Memorandum of Law, filed June 9, 2023 (Dkt. 31-1) ("Pl. Mem.").

16-19 and Ex. C.) On June 4, 2021, Plaintiff sent a cease and desist letter to Defendants. (*Id.* ¶ 18.) Defendants nevertheless continued to retaliate. (*Id.* ¶ 19.)

## Procedural Background

Plaintiff commenced the action on June 14, 2021, filing the Complaint and a motion for temporary restraining order and preliminary injunction.[2] (Dkts. 2-5.) The Complaint asserts claims for federal copyright infringement, injunctive relief, and declaratory relief. (Dkt. 5.) After confirming Defendants had been properly served, the Court enjoined Defendants from further using the Pattern and causing Plaintiff's products to be removed from Amazon.com. (Dkt. 14.) On July 5, 2022, Plaintiff filed for a Certificate of Default, which the Clerk of Court issued on July 6, 2022. (Dkts. 24-25.) Plaintiff then moved for default judgment on October 18, 2022. (Dkts. 26-29.) On May 5, 2023, the Court denied the motion without prejudice due to Plaintiff's failure to mail a copy of the default motion papers to Defendants. (Dkt. 30.) Plaintiff renewed its motion on June 9, 2023, and attested to mailing of the papers to Defendants. (Dkt. 31-2.) On July 21, 2023, the Court granted default judgment in Plaintiff's favor, ordered permanent injunctive relief against Defendants, and declared that the Illegitimate Copyright is invalid. (Dkts. 33-34.)

That same day, the Court referred the matter to me for an inquest on damages. (Dkt. 32.) On July 25, 2023, I issued an order requiring Plaintiff to file by August 28, 2023, support for its damages claim, including proposed findings of fact and conclusions of law as well as support for any claim of attorney's fees. (Dkt. 35.) The order provided as an

---

[2] The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and § 1338 (jurisdiction over trademark, copyright, and patent claims).

3

alternative that Plaintiff could rely on earlier filings on the docket, provided Plaintiff identified those filings to the Court. (*Id.*)

Plaintiff, however, did not file anything by August 28, 2023 or thereafter. Accordingly, on September 19, 2023, I issued an order sua sponte extending Plaintiff's filing deadline to September 28, 2023. (Dkt. 36.) The September 19 order warned that "if Plaintiff fails to timely file the requisite submission, the case may be dismissed for failure to prosecute." (*Id.*) Still, Plaintiff did not file anything.

## Legal Standards

When a defendant defaults, all well-plead facts alleged in the complaint, except those relating to the amount of damages, must be accepted as true. *City Of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) ("It is an ancient common law axiom that a defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint") (internal quotations marks omitted); *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (trial court is "required to accept all of [the plaintiff's] factual allegations as true and draw all reasonable inferences in its favor"). "This principle applies regardless of whether default is entered as a discovery sanction or for failure to defend." *Walpert v. Jaffrey*, 127 F. Supp.3d 105, 129 (S.D.N.Y. 2015) (internal quotation marks omitted). The court may also rely on factual allegations pertaining to liability contained in affidavits and declarations submitted by the plaintiff. *See, e.g.*, *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993); *Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). Nonetheless, the court "must still satisfy itself that the plaintiff has established a sound legal basis upon which

liability may be imposed." *Shld, LLC v. Hall*, No. 15-CV-6225, 2017 WL 1428864, at *3 (S.D.N.Y. Apr. 20, 2017) (internal quotation marks omitted); *see Finkel*, 577 F.3d at 84.

Once liability is determined, the plaintiff bears the burden of establishing an amount of damages with reasonable certainty. *RGI Brands LLC v. Cognac Brisset-Aurige, S.A.R.L.*, No. 12-CV-1369, 2013 WL 1668206, at *6 (S.D.N.Y. Apr. 18, 2013) (collecting cases), *R. & R. adopted*, 2013 WL 4505255 (S.D.N.Y. Aug. 23, 2013); *see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997). The court is charged with "'determining the proper rule for calculating damages ... and assessing plaintiff's evidence supporting the damages.'" *Tiffany (NJ) Inc. v. Luban*, 282 F. Supp.2d 123, 124 (S.D.N.Y. 2003) (quoting *Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). The damages award on a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

In determining damages after default judgment, the Court need not hold a hearing and may rely on affidavits, documentary evidence, and other evidence "as long as it ensured there was a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc.*, 109 F.3d at 111. No party has requested a hearing, and the Court concludes that none is needed.

## Discussion

**I.    Defendants' Liability**

The only substantive claim asserted by the Complaint is infringement in violation of the Copyright Act.[3] By virtue of Defendants' default, Plaintiff has established Defendants' liability for willful copyright infringement.

**A.    Defendants' Copyright Infringement**

To prevail on a claim of copyright infringement, a plaintiff must establish (1) ownership of a valid copyright and (2) infringement of that copyright by the defendant. See *Feist Publications, Inc. v. Rural Telephone Services Co.*, 499 U.S. 340, 361 (1991); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010). Registered copyrights are presumed valid. *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 109 (2d Cir. 2001). Demonstrating infringement requires the copyright owner to show (1) that the defendant has actually copied the owner's work and (2) that the copying is illegal because a substantial similarity exists between the defendant's work and the protectable elements of the owner's work. *Id.* at 110. Actual copying may be shown by direct evidence or indirect evidence; "[i]f the two works are so strikingly similar as to preclude the possibility of independent creation, copying may be proved without a showing of access." *Lipton v. Nature Co.*, 71 F.3d 464, 471 (2d Cir. 1995) (internal quotation marks omitted). Substantial similarity, in turn, hinges on "whether an average lay observer would

---

[3] The Complaint does not include a count for violation of the DMCA.

recognize the alleged copy as having been appropriated from the copyrighted work." *Hamil America, Inc. v. GFI*, 193 F.3d 92, 100 (2d Cir. 1999).

Here, Plaintiff owns a federal copyright registration for the Pattern. (Compl. ¶ 6 & Exs. B1-B3.) That registration is presumed valid. *Yurman Design*, 262 F.3d at 109. Accordingly, the first requirement is met. The facts as set forth in the Complaint also establish Defendants' infringement of the Copyright. Defendants had access to the copyrighted Pattern as it was displayed on goods sold on Amazon.com. (Compl. ¶ 6.) The Pattern and Defendants' pattern are substantially similar; indeed, they appear to be identical. (*Compare id.* Ex. B4 *with id.* Ex. C.) Defendants' liability for copyright infringement has been established, and Plaintiff is entitled to damages as discussed further below.

### B. Defendants' Willful Misconduct

Defendants are deemed to have acted willfully, merely by virtue of their default, and consequent failure to controvert the evidence of willful misconduct alleged in the Complaint. *North Face Apparel Corp. v. Moler*, No. 12-CV-6688, 2015 WL 4385626, at *6 (S.D.N.Y. July 16, 2015) (citing *Lane Crawford LLC v. Kelex Trading (CA) Inc.*, No. 12-CV-9190, 2013 WL 6481354, at *3 (S.D.N.Y. Dec. 3, 2013) (collecting cases), *R. & R. adopted*, 2014 WL 1338065 (S.D.N.Y. Apr. 3, 2014)), *R. & R. adopted*, 2015 WL 5472939 (S.D.N.Y. Sept. 16, 2015).

Even putting the fact of default aside, the conduct set forth in the well-pled allegations of the Complaint demonstrates that Defendants engaged in willful infringement. Defendant Lu filed for and obtained the Illegitimate Copyright based on

7

false information; Defendants issued false counter take-down notices to Amazon to remove Plaintiff's products, and Defendants ignored Plaintiff's cease and desist letter.

## II.   Damages

With respect to damages, the Complaint seeks "[a]ctual damages according to proof," "[m]aximum statutory damages pursuant to 17 U.S.C. § 504(c)," "[d]isgorgement of profits plus royalties," and attorney's fees, interest, and costs pursuant to 17 U.S.C. § 505. (Compl. at Prayer, items (d)-(g).)  In its brief in support of default judgment, Plaintiff requests actual damages in the amount of $413,000, statutory damages of $300,000 per defendant, attorney's fees and costs, damages according to proof, and interest.  (Pl. Mem. at 6-7, 9-10.)  Plaintiff provides support, however, only for an award of statutory damages.

### A.   Plaintiff's Monetary Requests That Should Not Be Awarded

The Court begins with the monetary relief to which Plaintiff is not entitled or should not otherwise be awarded.  First, Plaintiff has submitted no support for either its claim of $413,000 in actual damages or for disgorgement of Defendants' profits, despite the Court's twice ordering Plaintiff to do so.[4]  There is thus no evidentiary basis for an award of actual damages or disgorgement of profits.  In any event, despite asking for both actual damages and statutory damages, Plaintiff's brief acknowledges that under 17 U.S.C. § 504(a), an infringer can be liable for "either" (1) actual damages to the owner and any

---

[4] Plaintiff's failure to provide any support for damages is all the more problematic given the scant allegations of the Complaint.  For instance, Plaintiff has not provided, and the Complaint does not identify, any actual sales by Defendant, not even a test purchase by or on behalf of Plaintiff.  Nor does the Complaint, or anything else submitted by Plaintiff, include an image of the infringing bean bag products or the price at which the products were offered.

profits to the infringer, or (2) statutory damages, but not both. (Pl. Mem. at 7.) As Plaintiff has provided no proof of its actual damages or Defendants' profits, the Court deems Plaintiff to have elected statutory damages. No actual damages or disgorgement of profits should be awarded.

Second, Plaintiff has submitted no information or materials to establish an award of attorney's fees and costs. The Court twice ordered Plaintiff to provide such supporting material, but Plaintiff neglected to do so. Without information, the Court has no basis to award attorney's fees, which requires assessment of the rates charged by the attorneys and the time they spent and tasks they spent it on. *See Healey v. Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007) (explaining that the traditional approach to determining a fee award is the "lodestar" calculation, which is the number of hours expended multiplied by a reasonable hourly rate). Nor does the Court have any information identifying and supporting costs. There thus is no evidentiary basis for an award of fee or costs. Moreover, an award of attorney's fees is discretionary, not mandatory. 17 U.S.C. § 505 ("the court may also award a reasonable attorney's fee to the prevailing party as part of the costs"); *see also Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994) (attorney's fees may be awarded "only as a matter of the court's discretion"). Plaintiff's failure to respond to the Court's orders to provide information in support of the inquest warrants exercise of the Court's discretion to decline a fee award.

Third, Plaintiff should not be awarded pre-judgment interest. "The Copyright Act neither allows nor prohibits an award of pre-judgment interest." *Capitol Records, Inc. v. MP3tunes, LLC*, No. 07-CV-9931, 2015 WL 13684546, at *4 (S.D.N.Y. Apr. 3, 2015). District courts thus have the discretion to award or not award pre-judgment interest in

9

copyright cases and cases where other federal law is similarly neutral. *Compare Capitol Records*, 2015 WL 13684546 at *4 (declining to award pre-judgment interest in light of sizeable award "far exceed[ing] actual damages" and because plaintiff prolonged the case) *with Broadcast Music, Inc. v. R Bar of Manhattan, Inc.*, 919 F. Supp. 656, 661 (S.D.N.Y. 1996) ("Although an award of prejudgment interest in cases under the Copyright Act is discretionary with the court, ... this is a case where it would be appropriate to further the goals of the Act"). As the *Capitol Records* court explained, "[s]ome courts have declined to award pre-judgment interest for willful copyright infringement, finding that pre-judgment interest should be reserved for 'exceptional' circumstances, and concluding that damages for willfulness have already been factored into an award of maximum statutory damages. ... Other courts have determined that pre-judgment interest is appropriate to help deter willful copyright infringement." 2015 WL 13684546 at *4 (citations omitted). Here, I recommend the Court exercise its discretion not to award pre-judgment interest due to Plaintiff's failure to respond to the Court's orders to file the requisite supporting materials for damages. The statutory damages award will provide sufficient deterrence as explained next.

    **B.**    **Legal Principles Of Statutory Damages**

Plaintiff is entitled to statutory damages because the Pattern was registered with the Copyright Office (in 1997 and 2014) prior to Defendants' infringement (starting 2020). *See* 17 U.S.C. § 412. Under the Copyright Act, a copyright owner is entitled to statutory damages between $750 and $30,000 per work infringed, "as the court considers just." 17 U.S.C. § 504(c)(1). For willful infringement, the maximum permissible award per infringed work rises to $150,000. *Id.* § 504(c)(2). "District courts enjoy wide discretion in setting

statutory damages." *Castillo v. G&M Realty L.P.*, 950 F.3d 155, 171 (2d Cir. 2020) (citing *Bryant v. Media Right Productions, Inc.*, 603 F.3d 135, 143 (2d Cir. 2010)); *accord Fitzgerald Publishing Co., Inc. v. Baylor Publishing Co., Inc.*, 807 F.2d 1110, 1116 (2d Cir. 1986).

In the Second Circuit, courts are guided by several factors to determine an appropriate amount of statutory damages for copyright and trademark infringement. Those factors include: "(1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties." *Bryant*, 603 F.2d at 144 (citing *N.A.S. Import, Corp. v. Chenson Enterprises, Inc.*, 968 F.2d 250, 252-53 (2d Cir. 1992)).

"Awards of statutory damages serve two purposes – compensatory and punitive." *Fitzgerald Publishing Co., Inc.*, 807 F.2d at 1117. At the punitive end of the scale, the statutory maximum is typically reserved for "truly egregious conduct such as where a defendant has been adjudged to have willfully infringed, yet continued the same pattern of behavior in contravention of court order." *EMI April Music Inc. v. 4MM Games, LLC*, 2014 WL 325933, at *5 (S.D.N.Y. Jan. 13, 2014), *R. & R. adopted*, 2014 WL 1383468 (S.D.N.Y. Apr. 7, 2014); *accord Miller v. Netventure24 LLC*, No. 19-CV-7172, 2021 WL 3934262, at *7 (S.D.N.Y. Aug. 6, 2021) (quoting *EMI April Music*), *R. & R. adopted*, 2021 WL 3931928 (S.D.N.Y. Sept. 2, 2021); *Myeress v. Elite Travel Group USA*, No. 18-CV-340, 2018 WL 5961424, at *3 (S.D.N.Y. Nov. 14, 2018) ("Cases where high statutory

11

damages are awarded typically involve defendants who profit significantly despite repeated notices that they are infringing on the plaintiff's copyright").

### C. Analysis Of The Relevant Factors

The factors relevant to determining statutory damages collectively point to a substantial, but not maximal, award of statutory damages. With respect to the second, third, and fifth factors, Defendants' failure to appear has deprived Plaintiff, and the Court, of discovery needed to determine Defendants' profits, quantify any expenses that Defendants may have saved by infringing the Copyright, or assess revenues lost by Plaintiff as a result of Defendants' infringement. Of course, Plaintiff shares the blame in not having submitted any information to support its damages demand. Nonetheless, the Court may, and does, infer that Defendants financially benefitted to some extent from using the Pattern for its bean bag products. *See Skyrocket, LLC v. Comeyun*, No. 19-CV-11623, 2021 WL 9314807, at *7 (S.D.N.Y. May 6, 2021) (finding that, when the defaulting defendants failed to appear, answer, or otherwise respond to the complaint, it was "impossible to determine the Defaulting Defendants' profits," and so "the Court may, and does, infer that the Defaulting Defendants financially benefitted to a significant degree") (citing *AW Licensing, LLC v. Bao*, No. 15-CV-1373, 2016 WL 4137453, at *3 (S.D.N.Y. Aug. 2, 2016)), *R. & R. adopted*, 2022 WL 2712852 (S.D.N.Y. July 13, 2022).

The remaining factors – defendant's state of mind, need for deterrence, and conduct of the parties – support a meaningful statutory damages award. As explained above, Defendants' misconduct was willful, demonstrated not only by its default, but also by its registering the Illegitimate Copyright for the Pattern, filing meritless counter take-down notices, and ignoring Plaintiff's cease and desist letter. An award significant enough

to deter Defendants from continuing their infringement and engaging in future infringement, and to deter others from similar conduct, is well warranted. At the same time, Plaintiff has not presented any proof that Defendants have continued their misconduct in violation of the injunctive relief already ordered, thus making Defendants' conduct a bit less egregious than it otherwise could be. Finally, nothing in the record indicates any untoward conduct by Plaintiff or innocent conduct by Defendants to counter their lack of cooperation and admission of willfulness by default.

### D.     The Amount Awarded

Plaintiff's requested statutory damages of $300,000 against each Defendant are excessive and unwarranted. Indeed, that amount is twice the statutory maximum. 17 U.S.C. § 504(c)(2). The Court finds that an appropriate award is $50,000 against each Defendant. That amount falls comfortably within the range of statutory damages awards in similar cases. *See, e.g., Tangle, Inc. v. Individuals, Corporations, Limited Liability Companies, Partnerships, And Unincorporated Associations Identified On Schedule A Hereto*, No. 21-CV-9352, 2022 WL 2442302, at *8 (S.D.N.Y. June 29, 2022) (awarding $50,000 in statutory damages for each defaulting defendant's willful infringement of plaintiff's trademark toy designs), *R. & R. adopted*, 2022 WL 3098306 (S.D.N.Y. Aug. 4, 2022); *Good Sports, Inc. v. American Iron Outfitters, Inc.*, No. 18-cv-1003, 2019 WL 10303629, at *7 (D. Conn. Feb. 1, 2019) (awarding $25,000 per copyright for defendant's willful infringement, including use of copyrighted design on merchandise); *Spin Master Ltd. v. Alan Yuan's Store*, 325 F. Supp.3d 413, 426 (S.D.N.Y. 2018) (where plaintiffs alleged willful trademark and copyright infringement of a line of children's toys by 32 defaulting businesses or individuals, the court held that "[a]n award of $50,000 per

13

[defaulting] defendant is appropriate and just, given that each defendant sold at least one infringing product"); *Lucerne Textiles, Inc. v. H.C.T. Textiles Company, Ltd.*, No. 12 Civ. 5456, 2013 WL 174226, at *4 (S.D.N.Y. Jan. 17, 2013) (awarding $30,000 for willful infringement of copyrighted fabric design, and noting that that amount is "consistent with awards in similar cases"), *R. & R. adopted*, 2013 WL 1234911 (S.D.N.Y. March 26, 2013).

An award of $50,000 against each Defendant is more than the statutory maximum of $30,000 for non-willful infringement, falls within the permissible range of statutory damages for willful infringement, and is a reasonable and appropriate amount for statutory damages in light of the relevant factors discussed above.

## Conclusion

For the foregoing reasons, I recommend that the Court award Plaintiff $50,000 in statutory damages against each Defendant and not award actual damages, disgorgement of profits, pre-judgment interest, attorneys fees, or costs.

## Procedure For Filing Objections

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation. Any party shall have fourteen (14) days to file a written response to the other party's objections. Any such objections and responses shall be filed with the Clerk of Court, with courtesy copies delivered to the Chambers of the Honorable Louis L. Stanton, United States Courthouse, 500 Pearl Street, New York, New York 10007, and to the Chambers of the undersigned, United States Courthouse, 500 Pearl Street, New York, New York 10007. Any request for an extension of time for filing

objections must be addressed to Judge Stanton. **Failure to file timely objections will result in a waiver of the right to object and will preclude appellate review.**

Plaintiff shall serve Defendants with this Report and Recommendation, by any method previously approved by the Court, within two days of entry and shall file proof of service within three days thereafter.

Respectfully submitted,

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: November 28, 2023
      New York, NY